IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-80400-TJM |
| | ) | |
| RONALD LEE BRAUN, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on May 12, 2008, on a Motion for Relief from Stay (Fil. #16), filed by Washington Mutual Bank, and an Objection (Fil. #26) filed by Evelyn M. Braun. Bryan Meismer appeared for the debtor, Clark Grant appeared for Evelyn Braun, and Steffi Swanson appeared for Washington Mutual Bank.

Debtor and Evelyn Braun each own an undivided one-half interest in residential real property located in Columbus, Nebraska. The parties are legally separated. Evelyn Braun lives in the property. However, Debtor has the obligation to pay the mortgage payments on that property. Washington Mutual Bank is the mortgage loan servicer for the holder of the first lien on the property. Debtor has stated his intention to surrender the property and has failed to make the mortgage payments. Accordingly, Washington Mutual seeks relief from stay.

By separate order, this Court has found that debtor's obligation to pay the indebtedness owed to Ms. Braun is a domestic support obligation. Unfortunately for Ms. Braun, however, her remedy for his failure to pay is not to prevent Washington Mutual from seeking to pursue its rights and remedies under applicable law. Instead, her remedy is to seek contempt and/or other sanctions against Mr. Braun in the state court domestic relations proceedings.

The bottom line is that Washington Mutual has a valid and perfected security interest in the property, and is entitled to be paid. As indicated, a separate order has been entered this date finding that the Debtor's obligations to Ms. Braun are domestic support obligations. Further, Debtor has been given time to file an amended plan. There appears to be some equity in the property (it is valued in the schedules at $125,000.00) and, therefore, a short delay should not be harmful to Washington Mutual.

Therefore, I will provide the parties until August 1, 2008, to cure the delinquency owing to Washington Mutual. If the delinquency to Washington Mutual is not cured by that date, Washington Mutual can thereafter submit an affidavit advising that its delinquency was not cured. Upon submission of that affidavit, this Court will consider entering an order immediately terminating the automatic stay and giving Washington Mutual the right to proceed with its state court remedies. In the meantime, Debtor will be required to file an amended plan pursuant to the separate order. Further, to the extent Ms. Braun desires to pursue any contempt and/or other sanctions against Mr. Braun in state court in connection with the domestic proceeding, she may do so.

IT IS THEREFORE ORDERED:

1. The Motion for Relief from Stay (Filing No. 16) is denied at this time, provided, however, in the event the delinquency owed to Washington Mutual is not cured by August 1, 2008, Washington Mutual may submit an affidavit advising that its delinquency has not been cured, at which time this Court will consider entering an order immediately granting relief from stay; and

2. Relief from stay is granted to Evelyn Braun to pursue any and all remedies she may have in the state court domestic relations proceedings against the Debtor for his failure to pay the home mortgage loan.

DATED:    May 15, 2008

BY THE COURT:

Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    Bryan Meismer
    *Clark Grant
    *Steffi Swanson
    Kathleen Laughlin
    United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.