IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-80400-TJM |
| | ) | |
| RONALD LEE BRAUN, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on May 12, 2008, on Debtor's Objection to the Claim of Evelyn Braun (Fil. #11), and the Objection to Confirmation of Plan filed by Evelyn Braun (Fil. #10).  Bryan Meismer appeared for the debtor and Clark Grant appeared for Evelyn Braun.  Steffi Swanson appeared for Washington Mutual Bank, which entity filed a Motion for Relief from Stay to be addressed in a separate order.

The issue presented is whether the debtor's home mortgage payment obligation under a decree of legal separation constitutes a "domestic support obligation" under 11 U.S.C. § 101(14A). As discussed below, I find that the debtor's obligations are domestic support obligations.

### *Background*

Debtor and Evelyn Braun were married on July 17, 1970.  In 1973, they purchased approximately two acres of ground in Columbus, Nebraska, and built a house thereon ("the Property").  The parties were legally separated by a decree filed in the Platte County District Court on July 27, 1998, which incorporated the terms of a property settlement agreement.

According to the terms of the decree and property settlement agreement, each party was awarded an undivided one-half interest in the Property. Evelyn Braun was awarded possession of the Property.  Even though Debtor did not have possession of the Property, he was ordered to pay the house payments to the two mortgage holders, including principal, interest, insurance and taxes. The parties were ordered to each pay one-half of the maintenance and repairs.  There is also a clause providing that each party is to hold the other harmless from any liability  which he or she is ordered to pay through the decree.

In March of 2002, the indebtedness secured by the Property was refinanced with a loan obtained by the debtor from Community America Credit Union in the amount of $85,000.00.  The new loan was in excess of the balance owed on the prior loans.  No evidence was presented as to how those excess funds were used other than Ms. Braun's statement that she did not receive any benefit from that refinancing. In March of 2006, the indebtedness was again refinanced with a new loan in the amount of $108,000.00 from Nationwide Lending Corporation.  The funds from that refinancing were used to pay Community America Credit Union, Debtor's credit card debt, delinquent taxes for the Property, and a loan that Debtor previously obtained from Ms. Braun's mother. The new loan was made to Mr. Braun; however, Ms. Braun did sign the new deed of trust. Washington Mutual Bank appears to be the  mortgage loan servicer for Nationwide Lending

Corporation.

Debtor has failed to pay the payments due to Washington Mutual Bank on the refinanced loan secured by the Property.  He has stated his intention to abandon any interest in that Property. Ms. Braun asserts that his obligation to make mortgage payments constitutes a domestic support obligation under the Bankruptcy Code and has objected to his plan for failing to provide for such payments.  She has also included the delinquent payment amounts in her proof of claim.

### *Discussion*

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
>
>> (A) owed to or recoverable by –
>>> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>>> (ii) a governmental unit;
>> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>>> (i) a separation agreement, divorce decree, or property settlement agreement;
>>> (ii) an order of a court of record; or
>>> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case.  For purposes of the case at hand, discharge and priorities are at issue.  Domestic support obligations are not discharged in Chapter 13 proceedings. *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5).  Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A).  If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they entitled to priority status.

In order to prevail on her assertion that Debtor's obligation to pay the Washington Mutual mortgage is a domestic support obligation, Ms. Braun must show that the debt is (1) owed to or recoverable by her; (2) in the nature of alimony, maintenance or support; and (3) established or subject to establishment pre- or post-petition by reason of a separation agreement, divorce decree, property settlement agreement, or court order. *Deemer v. Deemer (In re Deemer)*, 360 B.R. 278, 281 (Bankr. N.D. Iowa 2007).

As far as whether the obligation is owed to or recoverable by her, Debtor asserts that the obligation is owed to Washington Mutual, not Ms. Braun. He is mistaken. While the underlying debt may be owed to Washington Mutual, the obligation to pay that debt to Washington Mutual and to hold Ms. Braun harmless therefrom is an obligation owed to Ms. Braun. Further, the obligation was clearly established pursuant to a property settlement agreement and separation decree. Thus, the only issue to be resolved is whether the obligation is in the nature of alimony, maintenance or support.

The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. When deciding whether a debt should be characterized as one for support or property settlement, "the crucial question is what function did the parties intend the agreement to serve when they entered into it." *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir. 1984) (citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983)). In making that factual determination, the court evaluates a number of factors, including whether the agreement contains a separate provision for alimony or child support, and whether the debt is conditional. *Ahlf v. Ahlf (In re Ahlf)*, 354 B.R. 884, 887 (Bankr. S.D. Iowa 2006) (citing *Morel v. Morel (In re Morel)*, 983 F.2d 104, 105 (8th Cir. 1992)). Other factors considered include:

> [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

*Ahlf*, 354 B.R. at 887 (quoting *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997)).

Ms. Braun submitted an affidavit (Fil. #31) stating that, during the course of the marriage, Mr. Braun was always the primary wage earner and that Ms. Braun had only sporadic employment at wages slightly above the minimum wage. Mr. Braun, on the other hand, has been employed for the past twenty-three years as a truck driver at Yellow Transportation and currently makes in excess of $78,000.00 per year. Ms. Braun's affidavit indicates that she has never made more than $13,790.00 in a year, and typically earns less than $10,000.00 per year. At the time of the legal separation, Ms. Braun was not able to make the mortgage payments on her own.

In light of the foregoing, it is clear that the obligation of the debtor under the separation

decree to pay the home mortgage obligations is in the nature of support and is a "domestic support obligation." However, debtor further argues that those mortgages have now been satisfied as a result of refinancings in which Ms. Braun cooperated (by signing the deeds of trust) and, therefore, his decree obligations have been satisfied. I disagree. According to the affidavit of Ms. Braun, each refinancing of the original indebtedness was for the benefit of Mr. Braun. Ms. Braun did not receive any benefit from those refinancings. In fact, the last refinancing was used primarily to pay the prior loans, as well as insurance and taxes on the Property. Those are all obligations he was ordered to pay as part of the separation decree.

THEREFORE, IT IS ORDERED that Debtor's Objection to Claim of Evelyn Braun (Fil. #11) is denied and Ms. Braun's Objection to Confirmation of Plan (Fil. #10) is sustained. Debtor shall have until May 31, 2008, to file an amended plan consistent with this order.

DATED:        May 15, 2008

BY THE COURT:

Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
        *Bryan Meismer
        *Clark Grant
        Kathleen Laughlin
        United States Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.